**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREW MICHAEL THOMAS,

Plaintiff - Appellant,

v.

EVELYN THOMAS, Circle of Friends
(AFH); et al.,

Defendants - Appellees,

No. 12-35572

D.C. No. 2:11-cv-01418-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted June 6, 2013
Seattle, Washington

Before: GILMAN,[**] McKEOWN, and IKUTA, Circuit Judges.

Andrew Michael Thomas appeals the district court's dismissal of his case

without prejudice. We have jurisdiction under 28 U.S.C. § 1291, *see Laub v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

*United States Dep't of the Interior*, 342 F.3d 1080, 1085 (9th Cir. 2003), and we affirm.

The record does not support Thomas's argument that his sister was merely helping him represent himself pro se; rather, the record makes clear that Thomas did not intend to represent himself. After the district court ordered Thomas to either retain a lawyer or file a statement indicating that he would represent himself, Thomas informed the court that he "would prefer to be Pro Se in word only and have [his sister] represent [him] in these proceedings." Moreover, the record makes clear that Thomas's sister, who is not a lawyer, purported to act in a representative capacity. For example, Thomas's sister signed his complaint and motion papers as his representative. Because non-lawyers may not represent other parties in court, *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997), we affirm the district court's judgment dismissing Thomas's case without prejudice.

We reject Thomas's argument that we should vacate the district court's judgment because he simply misunderstood the district court's instructions. The district court's orders clearly informed Thomas that his sister was not entitled to represent him. Moreover, this is not the first time that a district court has informed Thomas of this rule. *See* Order, *Thomas v. Seattle Center*, No. 2:11-cv-01315-RAJ (W.D. Wash., Dec. 22, 2011). To the extent Thomas's request that we vacate the

2

district court's judgment is construed as a request to toll the statute of limitations, we decline to do so because Thomas has not presented any persuasive reasons in favor of tolling.

**AFFIRMED.**